UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DIEGO VELASQUEZ, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 22-324WES |
| | : | |
| ROBERTO TAPIA a/k/a CARLOS MARTE,[1] | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    This is the second case filed in this Court against Defendant Carlos Marte ("Marte") by *pro se* Plaintiff Diego Velasquez, a citizen of Rhode Island who resides in Providence. ECF No. 1 at 1. Plaintiff's first complaint alleged that Marte lives in Warwick, Rhode Island, and is a citizen of Rhode Island; it was summarily dismissed for lack of federal subject matter jurisdiction, which determination was affirmed by the First Circuit. Velasquez v. Marte, C.A. No. 22-74WES, 2022 WL 613279, at *1 (D.R.I. Mar. 2, 2022), adopted by Text Order (D.R.I. March 14, 2022), aff'd, No. 22-1214, 2022 WL 4360946 (1st Cir. June 7, 2022) ("Velasquez I"). In Velasquez I, Plaintiff claimed that Marte is his landlord and has been responsible for breaching Plaintiff's quiet enjoyment of his tenancy resulting from crowding, noise, smells and disturbing of the peace caused by other tenants in the house. Id.

    On June 29, 2022, the mandate issued, terminating Velasquez I because both Plaintiff and Marte were citizens of Rhode Island and (to the extent that the claim was ascertainable) the pleading seemed to relate to what could only be a state law claim. See Velasquez, No. 22-1214

---

[1] In the complaint, Plaintiff alleges that Carlos Marte uses the name Roberto Tapia. ECF No. 1 at 1.

(1st Cir. June 29, 2022); Velasquez, 2022 WL 4360946, at *1 (Plaintiff failed to plead federal claim or establish diversity).  On September 7, 2022, Plaintiff filed this case.  In the new version of his claim against Marte, Plaintiff explains that "I am filing for a new case altogether."  ECF No. 1 at 1.  To overcome the lack of diversity of citizenship, the new pleading alleges:

> Carlos Marte and said, He is the owner of the place I live.  A dirty Caribbean black man who only speaks Spanish, Poor.  This one, Taking a guess, is from the state of Wisconsin.  The Caribbean and Wisconsin is nowhere near each other and just in case the state of maine.

Id.  By contrast with the civil cover sheet for Velasquez I, C.A. No. 22-74, ECF No. 3, which indicated that all parties were citizens of "This State," the civil cover sheet in this matter checks the box indicating that there is diversity in that Plaintiff is a citizen of Rhode Island, while Marte is a citizen of another state.  ECF No. 1-2.  For claims against Marte, Plaintiff's new pleading still alleges that Marte is his landlord and adverts to "disturbing my peace"; however, the new content that Plaintiff has included renders the new complaint incomprehensible.  ECF No. 1 at 3.  By just one example, the pleading states:

> I want to sue for 6,000,000$ for:
>
> Roberto Tapia A.K.A. Carlos Marte A.K.A. A10.  For being a lier, Poor, and Filth-Hell priest, Caribbean black.  Another for using our trash to throw away his trash after collecting what he and mag and dwarf ate in other places.
>
> I am asking the courts to give me Full Contact information of what he brought in so I may file a subpoena against all of them for disturbing my peace when I come home Or just at home.

Id.  That is, when read with appropriate lenity, it is clear that the new pleading is devoid of factual content that conceivably states a plausible cause of action arising under either federal or state law.

Accompanying his new complaint, Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which has been referred to me.  ECF No. 2.  Because Plaintiff has

satisfied the requirements of 28 U.S.C. § 1915(a)(1), the IFP motion would be granted. However, in light of the IFP motion, the Court is directed to preliminarily screen the pleading pursuant to 28 U.S.C. § 1915(e)(2)(B).  To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Avelin v. South Kingstown Police Department, C.A. No. 22-00295-WES, 2022 WL 3646613, at *1 (D.R.I. Aug. 24, 2022) (standard for dismissal of an action taken IFP is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6)), adopted by Text Order (D.R.I. Sept. 14, 2022).  If a complaint fails to state a plausible claim or is frivolous or malicious it must be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i-ii).  In addition, a complaint filed in federal court must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and if it does not, it is subject to dismissal.  See Martinez v. Investigator Raposo, C.A. No. 22-00144-WES, 2022 WL 1063823, at *2 (D.R.I. Apr. 7, 2022) ("Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud") (internal quotation marks omitted), adopted by Text Order (D.R.I. April 28, 2022).

I have taken all the allegations in Plaintiff's complaint as true and have drawn all reasonable inferences in Plaintiff's favor.  Smith v. Roger Williams Univ. L. Sch., Case No. 21-cv-133-PJB-AKJ, 2022 WL 2387632, at *1 (D.R.I. Feb. 16, 2022).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims mindful that he is a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam).  Applying these liberal standards of review to Plaintiff's pleading, I recommend that dismissal is required because it fails to state any plausible federal or state law claim.  Further, with its allegations that Marte's truck "Smells

BAD," and that Marte himself "needs a lesson about being a 'LIER' and RETARD POOR BLACK and doing things for MAGS," ECF No. 1 at 2, as well as Plaintiff's deplorable raced-based "allegations" and his bizarre shift from alleging that Marte resides at a specific address in Warwick, Rhode Island in Velasquez I, 2022 WL 613279, at *1, to alleging in a pleading filed a little more than six months later that Marte is from the Caribbean, Wisconsin and Maine, and is not a citizen of Rhode Island, I further recommend that the pleading should be dismissed as malicious.  See Uzamere v. United States, No. 13-505 S, 2013 WL 5781216, at *17 (D.R.I. Oct. 25, 2013) (*pro se* complaint dismissed based on "level of vitriol" and "invective-riddled allegations of a vast Jewish conspiracy"), aff'd, No. 13-2454 (1st Cir. April 11, 2014); Jordan v. City of Miami, Dept. of Police, 720 F. Supp. 1543, 1543-44 (S.D. Fla. 1989) (*pro se* complaint inspired by racial animus is malicious).

Based on the foregoing, I recommend that Plaintiff's complaint be summarily DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is malicious and fails to state a claim.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 21, 2022